**U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

```
                                              FILED: AUGUST 21, 2008
CIT Technology Financing Services I LLC,  )   08CV4778
a Delaware corporation,                   )   JUDGE PALLMEYER
                                          )   MAGISTRATE JUDGE NOLAN
         Plaintiff,                       )   Case Number:
                                          )                EDA
v.                                        )   Assigned Judge:
                                          )
Capital Assurance Group, Inc., an Illinois)   Designated Magistrate Judge:
corporation,                              )
                                          )
         Defendant.                       )
```

**COMPLAINT**

Plaintiff, CIT Technology Financing Services I LLC ("CIT"), a Delaware corporation, complains of defendant, Capital Assurance Group, Inc., an Illinois corporation ("Capital"), as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2. CIT is a Delaware corporation with its principal place of business in New Jersey.

3. Capital is an Illinois corporation with its principal place of business in Illinois.

4. Venue is proper in this district under 28 U.S.C. 1391(a) because all of the defendants reside in this district and because a substantial part of the events giving rise to the claims made herein occurred in this district.

**Breach of Contract**

5. On or about October 21, 2005, Capital entered into a lease agreement with Citicorp Vendor Finance, Inc. ("Citicorp") for the lease of certain copier equipment ("Lease")

1

#170965

more particularly identified in the Lease attached hereto as Exhibit A and invoices attached as Exhibit B.

6. On or about March 31, 2007, Citicorp assigned the Lease to CIT ("Assignment"). A copy of the Assignment is attached hereto as Exhibit C.

7. In accordance with the Assignment and Lease, Capital was to make 60 monthly payments in the amount of $4,637 plus tax commencing on June 1, 2005. See page 1, ¶2 of Exhibit A.

8. Capital has failed to make any payments under the Lease since its last payment in or about February 5, 2007.

9. CIT performed all of its obligations under the Assignment and Lease.

10. As of August 19, 2008, the outstanding balance under the Lease is $171,727.78 exclusive of any expenses accrued under the Lease, costs and/or attorneys' fees.

23. CIT is entitled to recover its attorneys' fees, costs, expenses, and other damages incurred in having to bring this action against Capital. See ¶10 of Exhibit A.

**WHEREFORE**, Plaintiff, CIT, prays that this Court enter a judgment in its favor and against defendant Capital as follows:

A. For a judgment in the sum of $171,727.78 plus any expenses accrued through the date of judgment in accordance with the terms set forth in the Lease;

B. For costs and contractual attorneys' fees in connection with this action; and

C. For any further relief as this Court deems just and proper.

#170965

The CIT Group/Equipment Financing, Inc.,
a Delaware corporation, Plaintiff

<u>/s/ Agata P. Karpowicz</u>
By:  One of its Attorneys

Bruce Menkes (ARDC No. 6187337)
Agata P. Karpowicz (ARDC No. 6280323)
Mandell Menkes LLC
333 West Wacker Drive, Suite 300
Chicago, Illinois 60606
Telephone: (312) 251-1000

3

#170965

# citicapital

**SUPPLIER**

Columa Office
4 Territorial Dr.
Bolingbrook, IL 60440

**AGREEMENT NO**  a 00160137

**TERM AND RENT**

INITIAL TERM: 70 MONTHS

MONTHLY RENTAL PAYMENT: $ 4637

SECURITY DEPOSIT: $ —

If Sales Tax Exempt a valid tax exempt certificate must accompany this Agreement

**EQUIPMENT**

| DESCRIPTION | QUANTITY | MODEL NO. | EQUIPMENT |
|---|---|---|---|
| | 7 | 2051 | Ricoh Saskin |
| | 2 | 7200 | Ricoh alo, law |
| | 1 | E-550 | Toshiba |
| | 1 | E-2X | Toshiba |

**SOLE PROPRIETORSHIP**　DATE OF BIRTH ___　SS# ___
NAME ___
ADDRESS ___
CORPORATION/PARTNERSHIP, TAX ID# ___

**LESSEE**

LESSEE (FULL LEGAL NAME): Emansure LLC  JT's Capital Ass't
　　　　　　　　　　　　　　　　　　　　　　Citicorp, Inc.
BILLING ADDRESS: 1436 W Randolph St
CITY: Chicago　　STATE: IL　　ZIP: 60607
PHONE NO: 312-436-7704　　DATED: ___

**THIS AGREEMENT IS NOT CANCELABLE**

BY X _____ CEO　　_____ CFO
　　AUTHORIZED SIGNATURE
PRINT NAME: Evan Silverman　　Dan Rabinowitz

## TERMS AND CONDITIONS

The words YOU and YOUR mean the Lessee. The words WE, US, and OUR refer to the Lessor indicated on reverse.

IMPORTANT INFORMATION ABOUT ESTABLISHING A RELATIONSHIP WITH CITICAPITAL
To help the United States Government fight terrorism and money laundering, Federal law requires us to obtain, verify and record information that identifies each person or business that opens an account or establishes a relationship. What this means for you: when you open an account or establish a relationship, we will ask for your name, street address, date of birth, and identification number, such as a social security number or taxpayer identification number. For businesses we will ask for the business name, street address and the identification number. Federal law requires us to obtain this information that will allow us to identify you. We appreciate driver's license or other identifying documents that will allow us to identify you. We appreciate your cooperation.

1. RENTAL ("AGREEMENT"): We agree to rent to you and you agree to rent from us the equipment listed above ("Equipment"). You promise to pay us the rental payment according to the payment schedule shown above. The parties intend this Agreement to be a finance lease under Article 2A of the Uniform Commercial Code.

2. TERM AND RENT: The initial term shall commence on the day that any of the Equipment is delivered to you ("the Commencement Date"). The installments of rent shall be payable, at the time and in the amounts provided above, commencing on the Commencement Date and subsequent payments shall be due on the same date of each successive period thereafter until all of rent and any additional rent of expenses chargeable under this Agreement shall have been paid in full. Lessee's obligation to pay the rent and other obligations hereunder shall be absolute and unconditional and are not subject to any abatement, set-off, defense or counter-claim for any reason whatsoever. If any payment hereunder is not made by you when due, you shall be charged a late fee of ten percent (continued on reverse)

THE TERMS AND CONDITIONS PRINTED ON THIS REVERSE SIDE ARE MADE A PART HEREOF

## GUARANTY

To induce Lessor to enter into the above Agreement, the undersigned (jointly and severally, if more than one) unconditionally guarantees to Lessor the prompt payment of and due of all Lessee's obligations to Lessor under the Agreement, including without limitation every term, condition, rental payment, the full and total balance of rents, substitution charges, collection charges and interest. Lessor may not be required to proceed against Lessee or Equipment or to enforce any of its other remedies before proceeding hereunder. The undersigned agrees to pay all reasonable attorney's fees, court costs and other expenses incurred by Lessor by reason of any default by Lessee. The undersigned waives notice of acceptance hereof and all other notices or demands of any kind to which the undersigned may be entitled except demand for payment. The undersigned hereby irrevocably identifies Lessor's right of subrogation. The undersigned waives notice of amount of indebtedness guaranteed to Lessee and shall not be charged or affected by any non-payment of any part of the obligation under the Agreement is rescinded or remust be returned by Lessor upon the insolvency, bankruptcy or reorganization of Lessee, to the same extent as though such payment had not been made. This is a continuing Guaranty and shall continue to be effective or be reinstated, as applicable, if at any time payment of any part of the obligations under the Agreement is rescinded or must be returned by Lessor upon the insolvency, bankruptcy or reorganization of Lessee. The Guaranty may be enforced by the beneficiaries of any such payment. THE UNDERSIGNED CONSENTS TO THE PERSONAL JURISDICTION OF THE COURTS OF THE STATE OF NEW JERSEY WITH RESPECT TO ANY ACTION ARISING OUT OF THIS LEASE, GUARANTY, SETTLEMENT AGREEMENT, PROMISSORY NOTE OR OTHER ACCOMMODATION AGREEMENT WITH LESSOR. THE UNDERSIGNED AGREES THAT ANY LEGAL ACTION AGAINST THE LESSEE AND/OR ANY OR ALL OF THE GUARANTORS MAY BE FILED IN NEW JERSEY AND THAT LESSEE AND/OR ANY OF THE GUARANTOR(S) MAY BE DEEMED TO DEFEND AND LITIGATE ANY SUCH ACTION IN NEW JERSEY. Lessee and all Guarantors agree that service of process by certified mail, return receipt requested, shall be deemed the equivalent of personal service in any such action. Any legal action concerning this Agreement shall be governed by and construed according to the laws of the State of New Jersey.

INDIVIDUALLY
X _____　DATE _____
　GUARANTOR SIGNATURE
PRINT NAME _____
INDIVIDUALLY
X _____　DATE _____
　GUARANTOR SIGNATURE
PRINT NAME _____

X _____　DATE _____
　WITNESS SIGNATURE
PRINT NAME _____

X _____　DATE _____
　WITNESS SIGNATURE
PRINT NAME _____

FORM 0101115 2P REV 10/03 1
CitiCapital is a service mark of Citicorp

LEASE ORIGINAL　　　　　　　A member of citigroup†

**EXHIBIT A**

## TERMS AND CONDITIONS

(10%) of the amount of such payment, plus interest on such amount at the rate of 1.15% per month from the due date until the date paid but as to each of the foregoing, in no event more than the maximum rate permitted by law.

**3. NO WARRANTIES** We are renting the Equipment to you "AS IS". WE MAKE NO WARRANTIES EXPRESS OR IMPLIED INCLUDING WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE IN CONNECTION WITH THIS AGREEMENT. We transfer to you for the term of this Agreement any warranties made by manufacturer or supplier to us. NEITHER SUPPLIER NOR ANY AGENT OF SUPPLIER IS AN AGENT OF LESSOR OR IS AUTHORIZED TO WAIVE OR MODIFY ANY TERM OR CONDITION OF THIS AGREEMENT. Notwithstanding the foregoing, we nor our affiliates, officers, directors or shareholders shall be liable for any consequential or incidental damages.

**4. OWNERSHIP, REDELIVERY AND RENEWAL.** We are the owner of the Equipment and have title to the Equipment. To protect our rights in the Equipment, in the event this Agreement is determined to be a security agreement, you hereby grant to us a security interest in the Equipment and in any other equipment financed by us and/or our affiliates ("Other Equipment") and all proceeds, products, rents or profits therefrom. In states where permissible, you hereby authorize us to cause this Agreement or any statement or other instrument in respect to this Agreement showing our interest in the Equipment and Other Equipment, including Uniform Commercial Code Financing Statements, to be filed or recorded and refiled and re-recorded and grant us the right to execute your name thereto. You agree to execute and deliver any statement or instrument requested by us for such purpose. You agree to pay or reimburse us for any searches, filings, recordings, stamp fees or taxes related to the filing or recording of any such instrument or statement. No more than one hundred eighty (180) days but not less than ninety (90) days prior to the expiration of the initial term or any renewal term of this Agreement you shall give us written notice of your intention to either return the Equipment to us or purchase the Equipment, as provided below. Provided you have given such timely notice, you shall return the Equipment freight and insurance prepaid to us in good repair, condition and working order, ordinary wear and tear excepted in a manner and to a location designated by us or fail to exercise such option, this Agreement shall renew for additional terms of ninety (90) days each at a periodic rent equal to 100% of the rent provided herein. In the event that you have been granted a purchase option or authorization to return the Equipment. The fee is payable in addition to shipping costs for return of Equipment.

**5. OPTION TO PURCHASE** We hereby grant to you, provided you are not in default hereunder, the option to purchase "AS IS, WHERE IS" without express or implied warranties, all (not part) of the Equipment at the expiration of the term of this Agreement for its then in place in-use fair market value plus all applicable taxes.

**6. MAINTENANCE, RISK OF LOSS AND INSURANCE** You are responsible for installing and keeping the Equipment in good working order. Except for ordinary wear and tear, you are responsible for protecting the Equipment from damage and loss of any kind. If the Equipment is damaged or lost, you agree to continue to pay rent. You agree during the term of this Agreement to keep the Equipment fully insured against damage and loss, naming us as the loss payee, to obtain a general public liability insurance policy from a company acceptable to us including us as an additional insured on the policy. You agree to provide us certificates or other evidence of insurance. Should you fail to provide such insurance, you agree that we may obtain such insurance and charge you therefore.

**7. INDEMNITY** We are not responsible for any losses or injuries caused by the installation or use of the Equipment. You agree to reimburse us for and to defend us against any claims for losses or injuries (including attorney's fees and costs) caused by the Equipment.

**8. TAXES AND FEES** You agree to pay when due or reimburse us for all taxes, fees, fines and penalties relating to use or ownership of the Equipment or to this Agreement, now or hereafter imposed, levied or assessed by any state, federal or local government or agency. You agree to pay us a non-refundable origination fee of $47.50 in connection with this Lease. Equipment located in various states may be subject to sales tax laws which require that tax be paid up front. If you choose to pay this tax up front, you may include with your security deposit your check for the current percent of tax applied to the cost of Equipment. If you do not include payment up front, you authorize us to advance the tax and increase your monthly payment by an amount equal to the current tax percentage applied to the monthly rental shown above.

EQUIPMENT LOCATED IN VARIOUS STATES is subject to sales tax laws which require that tax be paid up front. If you do not include payment up front, you authorize us to advance the tax and increase your security deposit your check for the current percent of tax applied to the cost of Equipment. If you do not include payment up front, you authorize us to advance the tax and increase your monthly payment by an amount equal to the current tax percentage applied to the monthly rental shown above.

**9. LOCATION OF EQUIPMENT** You will keep and use the Equipment only at your address shown above. You agree that the Equipment will not be removed from that address unless you get our written permission in advance to move it. You agree that the Equipment will be used for business purposes only.

**10. DEFAULT AND REMEDIES.** If you (a) fail to pay rent or any other payment hereunder and/or under any other agreement with us or our affiliate concerning the finance of Other Equipment when due or (b) breach any representation or warranty or fail to perform any of the other terms, covenants or conditions of this Agreement and/or under any other agreement with us or our affiliate concerning the finance of Other Equipment after ten (10) days written notice or (c) sustain a substantial deterioration of your condition (financial or otherwise), or become insolvent or make an assignment for the benefit of creditors or file a petition under bankruptcy code or one is filed against you, or (d) a receiver, trustee, conservator or liquidator is appointed with or without your consent, you shall be in default under the Agreement and, we may, to the extent permitted by applicable law, exercise any one or more of the following remedies: (i) declare due and owing and receive from you the sum of all rental payments and other amounts then due and owing under this Agreement or any schedule hereto (y) the present value of (x) the sum of the rental payments for the unexpired term of this Agreement or any schedule hereto discounted at the rate of 6% per annum and (y) the anticipated value of the Equipment at the end of the initial term or applicable renewal term of the Agreement (but in no event less than 15% of the original cost of the Equipment) discounted at the rate of 6% per annum and upon recovery of the same in full, the Equipment shall become your property, (ii) to similarly accelerate the balances due under any other agreements between you and us and/or any affiliate of ours concerning the finance of equipment, (iii) to take immediate possession of the Equipment and/or the Other Equipment, and to lease or sell it or any portion thereof, upon such terms as we may elect and to apply the net proceeds less reasonable selling and administrative expenses on account of your obligations hereunder. (iv) require you to return all Equipment and/or the Other Equipment at your expense to a place reasonably designated by us (v) to charge you for all the expenses incurred in connection with the enforcement of any of our remedies, including all costs of collection, reasonable attorney's fees and court costs. Lessee shall also be liable for the attorney's fees and costs incurred by Lessor after a judgement has been entered against Lessee by any court. Such an amount shall be payable in addition to any other amounts payable by you as a result of the exercise of any of the remedies provided herein. All our remedies are cumulative, are in addition to any other remedies provided for by law and may, to the extent permitted by law, be exercised either concurrently or separately. Exercise of any one remedy shall not be deemed an election of such remedy or to preclude the exercise of any other remedy. No failure on our part to exercise any right or remedy and no delay in exercising any right or remedy shall operate as a waiver of any right or remedy or to modify the terms of this Agreement. A waiver of default shall not be construed as a waiver of any other or subsequent default. We shall return the sum set forth above as a security deposit for your performance of your obligations hereunder. Upon lawful termination of this Agreement, provided you are not in default, the Security Deposit shall be returned to you. No interest shall be paid upon said Security Deposit. In the event of default, we may apply said Security Deposit to cure any default.

**11. ASSIGNMENT** YOU HAVE NO RIGHT TO SELL, TRANSFER, ASSIGN THIS AGREEMENT OR SUBLEASE THE EQUIPMENT. We may sell, assign or transfer this Agreement without notice. You agree that if we sell, assign or transfer this Agreement, the new owner will have the same rights and benefits that we have now and will not have to perform any of our obligations. You agree that the right of the new owner will not be subject to any claims, defenses or set-offs that you may have against us. In the event of a sale, assignment or transfer, we agree to remain responsible for our obligations hereunder.

**12. CONSENT TO JURISDICTION AND GOVERNING LAW** YOU CONSENT TO THE PERSONAL JURISDICTION OF THE COURTS OF THE STATE OF NEW JERSEY WITH RESPECT TO ANY ACTION ARISING OUT OF THIS AGREEMENT OR THE EQUIPMENT. THIS MEANS THAT ANY LEGAL ACTION FILED AGAINST YOU MAY BE FILED IN NEW JERSEY AND THAT YOU MAY BE REQUIRED TO DEFEND AND LITIGATE ANY SUCH ACTION IN NEW JERSEY. You agree that service of process by certified mail return receipt requested shall be deemed the equivalent of personal service in any such action. However nothing in this paragraph shall be construed to limit the jurisdictions in which suit may be filed by any party to this Agreement or the means of obtaining service of process in any such suit. THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED ACCORDING TO THE LAWS OF THE STATE OF NEW JERSEY BUT ONLY TO THE EXTENT SUCH STATE LAW IS NOT PREEMPTED BY FEDERAL LAW OR REGULATION. TO THE EXTENT PERMITTED BY LAW YOU WAIVE TRIAL BY JURY IN ANY ACTION HEREUNDER. YOU HEREBY WAIVE ANY AND ALL RIGHTS AND REMEDIES GRANTED YOU BY SECTION 2A 508 THROUGH 2A 522 OF THE UNIFORM COMMERCIAL CODE.

**13. CUSTOMER P.O.** You agree that any Purchase Order issued to us covering the rental of this Equipment is issued for purposes of authorization and your internal use only and none of its terms and conditions shall modify the terms of this Agreement.

**14. ENTIRE AGREEMENT** You agree that we may insert or correct missing information on this Agreement including your legal name and the Equipment's description, serial number and location otherwise this Agreement contains the entire arrangement between you and us and no modifications of this Agreement shall be effective unless in writing and signed by the parties.

```
ACCEPTED BY
CITICORP VENDOR FINANCE, INC. LESSOR
ONE INTERNATIONAL BLVD · MAHWAH NJ 07430-0631

BY [signature]         TITLE         DATE 10-31-05
```

FORM CLO/MS-29 REV 10/03-2

# INVOICE

**CHICAGO OFFICE TECHNOLOGY GROUP**
EDA
Column Office Equipment
Distinctive Business Products
4 Territorial Ct
Bolingbrook IL 60440
630-771-2600

200160137

INVOICE NUMBER    FINASURE

DATE    September 30, 2005

PO NUMBER :    200160137

SHIPPED VIA

F.O.B.

**SOLD TO:**
CITI CAPITAL CORPORATION
1800 OVERCENTER DRIVE
MOBERLY, MO 65270

**SHIPPED TO:**
FINASURE HOME LOANS LLC
1436 W RANDOLPH ST
#400
CHICAGO IL 60607

| INVOICE | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| 7 | RICOH 2051SP COPIERS  S/N  K6755500312 / K6755600026 / K6755600024 / K6755600018 / K6755500012 / K6755500011 / K6755600023 WITH FINISHERS / PUNCH KITS / 256MB | $25,500 00 | $178,500 00 |
| 2 | RICOH 7200 COLOR COPIERS S/N Q3750700167 / Q3750700168 WITH FINISHERS | 20,500 00 | 41,000 00 |
| 1 | TOSHIBA E550 COPIER S/N  STH211041 WITH FINISHER | 9,500 00 | 9,500 00 |
| 1 | TOSHIBA E28 COPIER S/N  SF331155 WITH RADF / KD1009 / MY1012 / MJ6001 | 6,341 54 | 6,341 54 |
| -1 | UPGRADE TO RETURN LEASE #3018070 | -5,380 98 | -5,380 98 |
| -1 | UPGRADE TO RETURN LEASE #3018071 | -5,883 15 | -5,883 15 |
| -1 | UPGRADE TO RETURN LEASE #3018073 | -2,085 10 | -2,085 10 |
| -1 | UPGRADE TO RETURN LEASE #3018074 | -11,093 04 | -11,093 04 |
| -1 | UPGRADE TO RETURN LEASE #3018075 | -22,351 29 | -22,351 29 |
| -1 | UPGRADE TO RETURN LEASE #3753340 | -13,888 60 | -13,888 60 |
| -1 | UPGRADE TO RETURN LEASE #3764330 | -3,775 36 | -3,775 36 |

SUBTOTAL    CONT'D
TAX
FREIGHT
TOTAL    CONT'D >>>>



EXHIBIT B

# INVOICE

**CHICAGO OFFICE TECHNOLOGY GROUP**
Column Office Equipment
Distinctive Business Products
4 Territorial Ct
Bolingbrook IL 60440
630-771-2600

200160137

| | |
|---|---|
| INVOICE NUMBER | FINASURE |
| DATE | September 30, 2005 |
| PO NUMBER : | 200160137 |

SHIPPED VIA

F.O.B.

**SOLD TO:**
CITI CAPITAL CORPORATION
1800 OVERCENTER DRIVE
MOBERLY, MO 65270

**SHIPPED TO:**
FINASURE HOME LOANS LLC
1436 W RANDOLPH ST
#400
CHICAGO IL 60607

| INVOICE | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| -1 | UPGRADE TO RETURN LEASE #3018072 | -712 00 | -712 00 |

| | |
|---|---|
| SUBTOTAL | $170,172 02 |
| TAX | |
| FREIGHT | |
| TOTAL | $170,172.02 |

08CV4778
JUDGE PALLMEYER
MAGISTRATE JUDGE NOLAN
EDA

NOTICE

Please be advised that pursuant to a certain Purchase & Sale Agreement dated as of March 31, 2007, Citicapital Technology Finance, Inc., a Pennsylvania corporation, and Citicorp Vendor Finance, Inc., a Delaware corporation (each, a "Seller", collectively, "Sellers") have sold, granted, conveyed and assigned all of their respective right, title and interest in the contract(s) listed on Schedule A hereto and any and all related receivables, equipment thereunder and ancillary documentation thereto to CIT Technology Financing Services I LLC ("Purchaser"). This transaction closed as of 11:59 P.M. (EST) on April 30, 2007.

It is Sellers' and Purchaser's intent that this document be used as evidence in legal proceedings of the transfer and assignment of the contract(s) and any all related equipment thereunder and ancillary documentation thereto by Sellers to Purchaser and their successors and assigns. Sellers by execution below and Purchaser by acceptance hereof do consent to the filing of this Notice in court proceedings for such purpose.

IN WITNESS WHEREOF, each Seller has caused this Notice to be executed in its name and by an authorized officer as of April 30, 2007.

Citicapital Technology Finance, Inc.

By: _____
Mary C. Tucker
Deputy General Counsel – Litigation Management


Citicorp Vendor Finance, Inc.

By: _____
Mary C. Tucker
Deputy General Counsel – Litigation Management


CIT Technology Financing Services I LLC

By: _____
Name: Ron Arrington
Title: President


**EXHIBIT C**